## SPAULDING v. SIEGENTHALER.

No. 11553—Opinion Filed Oct. 23, 1923.

1. Animals — Damages for Trespass of Stock — Appellate Jurisdiction of District Court.

Where a person institutes a proceeding before a justice of the peace in pursuance

of section 3944, Compiled Statutes, Oklahoma, 1921, and where damages are assessed against the owner of trespassing stock, and where such owner appeals from such assessment to the district court, it is not error for such district court to overrule the motion of the owner of said stock, made at the opening of the trial, to dismiss the cause for want of jurisdiction.

**2. Same — Elements of Damages — Instructions.**

Where a proceeding is instituted before a justice of the peace under section 3944, Compiled Statutes 1921, and where damages were assessed against the owner of trespassing stock and such owner appeals to the district court, where the cause is tried before a jury, it is not error to instruct the jury. * * * "That in assessing said damages you will allow, in addition to the actual damages done to the crops of Siegenthaler, a reasonable amount for seizure and keeping said stock. In this connection you are further instructed that in determining what would be a reasonable amount for the seizing and keeping of said stock you may consider and determine what actual expenses were incurred by Siegenthaler in feeding the stock during all the time that it remained in his possession, and you may further consider and determine any other amounts that he was compelled to pay as costs in replevining and recovering possession of any of said stock that had escaped or been taken from his enclosure up to and including the time of the release of said stock from the custody of Siegenthaler, which date was April 23rd, under order of the justice of the peace. You will not, however, assess any damages by reasons of the employment of an attorney."

(Syllabus by Pinkham, C.)

Commissioners' Opinion, Division No. 5.

Error from District Court, Okmulgee County; Lucien B. Wright, Judge.

Proceeding commenced by C. D. Siegenthaler against Homer Spaulding to recover damages caused by trespassing stock. Judgment rendered for the plaintiff, and defendant brings error.

C. R. Horner, for plaintiff in error.

H. S. Samples, for defendant in error.

Opinion by PINKHAM, C. The defendant in error was the plaintiff below, and the plaintiff in error, the defendant. The parties will be referred to as they appeared in the trial court.

The defendant's cattle broke into and upon plaintiff's land and oat crop; and while upon said land damaged plaintiff's crops. In April, 1918, while said cattle were upon plaintiff's land in his oat field, plaintiff distrained several head of said cattle until the damage to his crops was paid; within 48 hours thereafter plaintiff notified defendant of said distraint and demanded the defendant pay plaintiff the amount of his damages sustained by the trespassing animals. Defendant refused to pay said damages and within 24 hours thereafter plaintiff notified a disinterested justice of the peace in writing to come upon said land and assess the damages. That thereafter, and on the 10th day of April, 1918, such justice of the peace did go upon said lands and assess the damages. The defendant refused to pay the amount of said assessment of damages, and the cattle were advertised for sale.

It appears from an examination of the record that before the date of sale the cattle were removed from plaintiff's lot without his knowledge or consent, and plaintiff replevied them from the defendant. In the replevin suit the plaintiff recovered in the justice court for the return of said cattle.

On April 24, 1918, the defendant filed his appeal bonds in both the replevin action and from the assessment of said damages, and the cattle were thereafter turned over to the defendant under the order of the justice of the peace. Both appeals were in due time lodged in the district court of Okmulgee county, and later placed on the trial docket. The replevin action was dismissed in the district court at the cost of the plaintiff. The proceeding in the assessment of damages was tried in the district court of Okmulgee county on the 18th day of March, 1919, before a jury, and the jury returned a verdict in favor of the plaintiff, and assessed his damages at $175.00. Judgment was rendered on the verdict in favor of the plaintiff for $175, and costs in the sum of $45. From said judgment the defendant appealed to this court.

The defendant in his brief groups his assignments of error as follows:

(1) "The court erred in not sustaining defendant's motion made at the opening of the trial to dismiss the cause for the want of jurisdiction.

(2) "The court erred in giving instructions directing the jury to include as the damages assessable against the defendant, all costs, not only in the action on trial, but in another action between the same parties which was dismissed by the court at plaintiff's cost on the same day this case was tried; and in rendering judgment inclusive of all these amounts and the costs deposited in the case on trial, and later retaxing as costs in the action, the same

amount which had previously been deposited."

Section 3945, Compiled Statutes 1921, provides in part as follows:

"The justice shall make his assessment in writing and file the same with the county clerk, to be kept in his office. Any person aggrieved by the action of the justice under this article, may appeal therefrom, as from the judgment of a justice of the peace. The person appealing shall file with the justice of the peace, a bond, in a penalty double the value of the property distrained, or, if the value of the property exceed the amount of damage claimed, then in double the amount of damages, with good and sufficient sureties, to be approved by the justice of the peace, and from and after the filing of the appeal bond the same shall operate as a supersedeas. In case the owner of such stock be the appellant, the same shall be delivered to him. * * *"

The record in this proceeding discloses that the plaintiff distrained the stock until the damages done by them were paid to him; that the defendant refused to pay the assessed damages and filed his appeal bond in this proceeding and appealed the matter to the district court of Okmulgee county; that the question of damages was duly submitted to a jury in the district court, and the jury found the amount of the damages to be $175.

We are unable to agree with the defendant on his proposition that the district court erred in not sustaining defendant's motion made at the opening of the trial to dismiss the cause for want of jurisdiction.

It is next contended by defendant in his brief that the court erred in giving instruction No. 1, the material part of which is as follows:

"You are instructed that in assessing said damages you will allow in addition to the actual damages done to the crop of Siegenthaler, a reasonable amount for seizing and keeping said stock. In this connection you are further instructed that in determining what amount is a reasonable amount for the seizing and keeping of said stock, you may consider and determine what actual expenses were incurred by Siegenthaler in feeding the stock during all the time that it remained in his possession, and you may further consider and determine any other amounts that he was compelled to pay as court costs in replevining and recovering possession of any of said stock that had escaped or been taken from his inclosure up to and including time of release of said stock from the custody of Siegenthaler."

The record discloses by the uncontradicted testimony of the plaintiff that he sustained damages to the amount of $100 to his oat crop by the trespassing animals belonging to the defendant; that plaintiff fed and cared for said stock; posted notices; and incurred expenses in recovering possession of the same after they had been taken from his possession, and that he guarded them for ten days and nights. The jury by its verdict found for the plaintiff and fixed the amount of his recovery at $175. In other words, in addition to the damage to his crop of $100, the jury found that he was entitled to a reasonable amount to be paid for seizing and keeping the trespassing stock. The instruction complained of, we think, complied with the statute, section 3944, Compiled Statutes 1921, which provides that:

"* * * The justice shall within 48 hours after receiving such notice * * proceed to view and assess the damages, and a reasonable amount to be paid for seizing and keeping said stock."

The distrained animals had been taken from the plaintiff's possession without his knowledge or consent and he instituted a replevin action to recover them, and was thereby subjected to necessary expense in so doing.

We conclude that the plaintiff was entitled to recover from the defendant, not only the damages for the injury to his crop occasioned by the trespassing of the defendant's stock on his land, but in addition thereto, a reasonable amount for seizing and keeping said stock, which would include, in view of the facts in this case, the plaintiffs' expenses in recovering the stock after it had been taken from his possession.

The record further discloses that the plaintiff deposited with the justice of the peace and with the court clerk advanced costs in this proceeding.

The defendant contends that the sums so deposited are not proper items of damages, for the reason that the judgment of the court provides that in addition to the $175, assessed by the jury as damages, the plaintiff should have the costs of this proceeding taxed against him in the sum of $45; that this $45 includes the same amount testified to by the plaintiff as having been advanced and which was taken into consideration as part of the damages included in the sum of $175.

In the absence of an affirmative showing that the jury included in their verdict

the costs in the instant case, the presumption is that they did not do so for the reason that the instruction of the court did not authorize it.

"Where it is not otherwise provided by this and other statutes, costs shall be allowed of course to the plaintiff, upon a judgment in his favor, in actions for the recovery of money only, or for the recovery of specific, real or personal property." (Compiled Statutes, Oklahoma, 1921, sec. 771.)

It is sufficient to say that from an examination of the whole record the trial court had jurisdiction to hear and determine the cause; that the verdict is supported by the evidence, and that the judgment of the trial court in this proceeding should be affirmed.

By the Court: It is so ordered.